UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID W. SCHWARZ,

    Plaintiff,

v.

CASE NO. 6:17-cv-1039-Orl-18DCI

SECURITIES AND EXCHANGE
COMMISSION; ERIC I. BUSTILLO;
JASON R. BERKOWITZ; LINDA S.
SCHMIDT; AMIE R. BERLIN; and
FERNANDO TORRES,

    Defendants.
_____/

## FEDERAL DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE

Pursuant to Fed. R. Civ. P. 12(b)(1) and Fla. R. Civ. P. 1.070(j), Federal Defendants, the Securities and Exchange Commission (SEC), Eric I. Bustillo, Jason R. Berkowitz, Linda S. Schmidt, Amie R. Berlin, and Fernando Torres,[1] by and through the undersigned Assistant United States Attorney, move to dismiss the Plaintiff's Complaint with prejudice. In support of this Motion, Federal Defendants submit the following:

---

[1] Concurrent with this Motion, the United States has filed its Motion for Substitution of Parties, requesting that the United States be substituted as the proper defendant in place of named defendants Eric I. Bustillo, Jason R. Berkowitz, Linda S. Schmidt, Amie R. Berlin, and Fernando Torres. *See* Doc. 4. The SEC is also an improper party to this action. *See infra* note 2.

## INTRODUCTION

The Plaintiff's "Complaint for Defamation" alleges that the SEC and five SEC employees committed the torts of libel *per se* and defamation by implication against the Plaintiff.  The Plaintiff's claims are based on statements made by the SEC in 2013 in a civil lawsuit it filed against the Plaintiff and others regarding a Ponzi-scheme associated with Cay Clubs Resorts and Marinas and in a press release the SEC issued after it filed the lawsuit.  On January 30, 2015, the Plaintiff filed this Complaint, *pro se*, in state court, but he never served any of the Federal Defendants with a summons or a copy of the Complaint.  Since then, there was no record activity in the State case until the Federal Defendants removed the action to this Court on June 7, 2017.

After the Plaintiff filed his Complaint in January 2015, he was criminally prosecuted, convicted, and sentenced to a 40-year term of imprisonment based on the fraud associated with the Cay Clubs Resorts and Marinas.  While this fraud and subsequent criminal conviction contradict the Plaintiff's allegations, this Motion rests on the following jurisdictional and procedural deficiencies of the Plaintiff's Complaint that warrant dismissal.

First, the Federal Tort Claims Act (FTCA) is an absolute bar to the Plaintiff's claims against the Federal Defendants.  *See* 28 U.S.C. §§ 1346(b), 2674.  As explained in the United States' Motion for Substitution of Parties, the United States is the only proper party to this action.  *See* Doc. 4; 28 U.S.C. § 2679(b)(1).  Further, while the FTCA is a limited waiver of the United States' sovereign immunity for

wrongful acts of Government employees, the United States has not waived sovereign immunity for suits arising out of libel, slander, or misrepresentation.  See 28 U.S.C. 2680(h).  Second, even if the libel-slander-misrepresentation exception to the FTCA did not bar the Plaintiff's claims (it certainly does), the Complaint should still be dismissed because the Plaintiff has failed to exhaust his administrative remedies.  For both of these reasons, the Court is without subject matter jurisdiction over the Plaintiff's Complaint.  Third, the Complaint should be dismissed under Rule 1.070(j) of the Florida Rules of Civil Procedure due to the Plaintiff's failure to serve the named defendants and prosecute his claims.  Because the Plaintiff cannot cure the jurisdictional deficiency in his claim, dismissal should be with prejudice.

## FACTUAL BACKGROUND

### I.     Procedural Background

On January 30, 2015, the Plaintiff, David W. Schwarz, filed this case, *pro se*, in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, against the Federal Defendants.  Case No. 2015-CA-000886-O; *see* Doc. 1, Exh. A.  On June 7, 2017, Federal Defendants removed the Plaintiff's Complaint to this Court pursuant to the provisions of 28 U.S.C. §§ 1442, 1446, and 2679(d)(1) and (2).  *See* Doc. 1.

It appears from a review of the state court docket that, from January 30, 2015, until June 7, 2017, the date of removal, there was no record activity in the case.  *See*

Doc. 1, Exh. C. The Plaintiff has never served any of the named defendants with the Complaint. Additionally, the Plaintiff never filed an administrative claim under the FTCA with the SEC. *See* Declaration of John Marc Wheat, attached hereto as **Exhibit 1**.

## II. Complaint Allegations

The Complaint, labeled as a "Complaint for Defamation," is comprised of two counts: (1) Libel *Per Se*; and (2) Defamation by Implication. *See* Compl. (Doc. 1-2). The Plaintiff's defamation allegations relate to a civil case the SEC brought against the Plaintiff and others in January 2013 in the United States District Court for the Southern District of Florida. *See SEC v. Graham, et al.*, 4:13-cv-10011 (S.D. Fla. 2013) (Doc. 3-2). In that case, the SEC alleged that the Plaintiff and four other former executives of defunct Florida-based companies, known collectively as the Cay Clubs Resorts and Marinas, had conducted an offering fraud and Ponzi scheme that raised more than $300 million from nearly 1,400 investors nationwide. *Id.*; Compl. (Doc. 1-2). Following the SEC's filing of its 2013 complaint against the Plaintiff and others, the SEC issued a press release regarding the charges. Exh.1 to the Compl. (Doc. 3-1). The press release identified by name the five SEC employees that Schwarz names as defendants in this matter. *Id.* Summarily, Schwarz contends that the Federal Defendants defamed him, directly and implicitly, in the SEC's civil complaint and in the SEC's press release. *See* Compl. (Doc. 1-2).

### III.     The Criminal Conviction of the Plaintiff

On October 12, 2016, the Plaintiff was indicted in the Southern District of Florida for crimes arising out of the fraud that was the subject of the SEC's 2013 civil lawsuit against the Plaintiff and others.  *See* Case No. 4:16-cr-10039 (S.D. Fla.), Doc. 2.  On March 6, 2017, the Plaintiff was convicted of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349; two counts of bank fraud, in violation of 18 U.S.C. § 1344; and one count of interference with the administration of the IRS, in violation of 26 U.S.C. § 7212(a).  *Id.* at Doc. 123.  On May 8, 2017, the Plaintiff was sentenced to a 40-year term of imprisonment.  *Id.* at Doc. 168.  Upon information and belief, the Plaintiff is presently in the custody of the United States Marshal Service and will later be designated to the Bureau of Prisons pursuant to this sentence.

### MEMORANDUM OF LAW

### I.     The Complaint Should Be Dismissed Under Fed. R. Civ. P. 12(b)(1) Because the Court Lacks Subject Matter Jurisdiction over the Plaintiff's Claims.

**a. Legal Standard:  Rule 12(b)(1).**

Under Rule 12(b)(1), subject matter jurisdiction can be challenged facially or factually.  *See Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990).  In a facial challenge, the Court must accept a plaintiff's allegations as true and determine whether he has alleged a sufficient basis for subject matter jurisdiction.  *Id.* at 1529.  In a factual challenge, the Court must determine if it has the power to hear the case.

*Id.* In doing so, the Court is not required to assume a plaintiff's allegations are true and is free to weigh the evidence and evaluate the merits of the jurisdictional claims. *Id.* This Motion presents a factual challenge because, as further addressed below, the Court has no subject matter jurisdiction over the Plaintiff's claims.

### b. The Plaintiff Cannot Assert His Defamation Claims Under the FTCA.

The Plaintiff's "Complaint for Defamation" is comprised of two counts: (1) an alleged claim for libel *per se*; and (2) an alleged claim for defamation by implication. Doc. 1-2. Both counts assert claims for torts "arising out of . . . libel, slander, [and] misrepresentation" for which the United States has not waived its sovereign immunity. *See* 28 U.S.C. § 2680(h). Therefore, as further explained below, the Court is without subject matter jurisdiction over the Plaintiff's claims, and the Complaint should be dismissed with prejudice.

"It is well settled that sovereign immunity bars suits against the United States except to the extent that it consents to be sued." *Means v. United States*, 176 F.3d 1376, 1378 (11th Cir. 1999); *see also United States v. Mitchell*, 445 U.S. 535, 538 (1980) (United States may only be sued pursuant to express waiver of sovereign immunity). The FTCA is the exclusive remedy for claims based upon alleged wrongful acts or omissions by federal employees. *See* 28 U.S.C. § 2679(a); *Acosta v. United States*, 207 F. Supp. 2d 1365, 1368 (S.D. Fla. 2001). For these cases, the FTCA provides a "limited waiver" of this sovereign immunity, "making the United States liable for 'injury or loss of property, or personal injury or death caused by the negligent or

wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . .'." *JBP Acquisitions, L.P. v. United States ex rel. FDIC*, 224 F.3d 1260, 1263 (11th Cir. 2000) (quoting 28 U.S.C. § 1346(b)(1)).[2]

A series of exceptions enumerated under the FTCA further limit the United States' liability and the subject matter jurisdiction of the Court. One such exception for which sovereign immunity has not been waived is for claims "arising out of . . . libel, slander, [and] misrepresentation. . . . " *See* 28 U.S.C. § 2680(h); *Cadman v. United States*, 541 Fed. App'x 911, 913 (11th Cir. 2013) (unpublished opinion; addressing whether claims are barred by libel-slander-misrepresentation exception). Further, FTCA exemptions, like the one found in § 2680(h), are "strictly construed in favor of the United States." *Id.* (citing *JBP Acquisitions, L.P.*, 224 F.3d at 1263).

The United States has not waived sovereign immunity for the claims the Plaintiff raises in this case. It is beyond dispute that the Plaintiff's claims for libel *per se* and defamation by implication are barred by the FTCA's statutory exception to liability for claims arising out of libel, slander, or misrepresentation. *See* 28 U.S.C. § 2680(h); *see also Block v. Neal*, 460 U.S. 289, 296 (1983) ("the essence of an action for

---

[2] Further, the only proper party in a FTCA suit is the United States. *See* 28 U.S.C. § 2679 (b)(1); *Trupei v. United States*, 304 Fed. Appx. 776, 782 (11th Cir. 2008) (unpublished opinion; concluding that the plaintiff failed to state a claim against any of the defendants other than the United States); *Powers v. U.S. Dep't of Agriculture*, No. 5:04-cv-526-OC-10GRJ, 2006 WL 2735155, at *5 (M.D. Fla. Sept. 25, 2006) ("claims under the FTCA that are brought against an agency of the United States are considered claims solely against the United States"); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) ("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit."). Therefore, for this reason also, the SEC should be dismissed with prejudice from this lawsuit.

misrepresentation, whether negligent or intentional, is the communication of misinformation on which the recipient relies"); *Metz v. United States*, 788 F.2d 1528, 1535 (11th Cir. 1986). Therefore, the Plaintiff's Complaint should be dismissed with prejudice because the Court is without subject matter jurisdiction over both of the Plaintiff's claims. *See Smith v. Sec., U.S. Dep't of Commerce*, 495 Fed. App'x 10, 12 (11th Cir. 2012) (unpublished opinion; "principles of sovereign immunity preclude the district court from exercising subject matter jurisdiction over [plaintiff's defamation] claim."); *Cadman*, 541 Fed. App'x at 913; *Litchfield v. Powell*, No. 2:15-CV-266-FTM-29CM, 2016 WL 853119, at *3 (M.D. Fla. Mar. 4, 2016) (dismissing with prejudice defamation claim for lack of subject matter jurisdiction under FTCA).

### c. The Plaintiff Failed to Exhaust His Administrative Remedies.

Even if the FTCA provided the waiver of sovereign immunity that the Plaintiff must establish in order to sue the United States for monetary damages in tort, the Plaintiff cannot proceed on any type of tort claim under the FTCA because he has failed to administratively exhaust his remedies. Under the FTCA, each claimant must present an administrative claim to the appropriate federal agency and have the claim denied before an action can be maintained in federal court against the United States. *See* 28 U.S.C. § 2675(a); *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994); *Free v. United States*, 885 F.2d 840, 842 (11th Cir. 1989). The filing of an administrative claim is a jurisdictional requirement and is an absolute prerequisite to maintaining a civil action against the Government for damages arising from tortious

occurrence due to the actions of a federal employee. *See Employees Welfare Comm. v. Daws*, 599 F.2d 1375, 1378 (5th Cir. 1979); *Meeker v. United States*, 435 F.2d 1219, 1220 (8th Cir. 1970); *Mays v. United States Postal Service*, 928 F. Supp. 1552, 1561-62 (M.D. Ala. 1996). This requirement cannot be waived. *Mays*, 928 F. Supp. at 1562; *Burchfield v. United States*, 168 F.3d 1252, 1254-55 (11th Cir. 1999) ("A district court only has jurisdiction over an FTCA action if the plaintiff has met section 2675(a)'s requirements.").

It is well-settled that an action commenced under the FTCA against the United States must be dismissed for failure to exhaust administrative remedies if a plaintiff fails to file a proper administrative claim with the appropriate federal agency. *See Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981); *Cheves v. Dep't of Veteran Affairs*, 227 F. Supp. 2d 1237, 1241 (M.D. Fla. 2002); *Fischer v. Federal Bureau of Prisons*, No. 5:06-cv-407-Oc-10GRJ, 2007 WL 2702341, at *5 (M.D. Fla. Sept. 14, 2007). If a claimant fails to exhaust administrative remedies, i.e., fails to file a proper administrative claim, the district court must dismiss the action for lack of subject matter jurisdiction. *O'Brien v. United States*, 137 Fed. App'x 295, 300-301 (11th Cir. 2005) (unpublished opinion); *accord Cheves*, 227 F. Supp. 2d at 1247; *Fischer*, 2007 WL 2702341, at *5 n.4; *Pace v. Platt*, No. 3:01-CV-471/LAC, 2002 WL 32098709, at *4 (N.D. Fla. Sept. 10, 2002).

Here, the Plaintiff failed to file an administrative claim, as required by the FTCA. Indeed, a review of the SEC's records reveals that no such claim has been

made by the Plaintiff.  *See* Decl. of John Marc Wheat, Exh. 1.  Accordingly, the Court lacks subject matter jurisdiction over the Plaintiff's Complaint and should dismiss it.

## II. The Complaint Should Also Be Dismissed for the Plaintiff's Failure to Serve the Federal Defendants.

Additionally, the Complaint should be dismissed for the Plaintiff's abject failure to effect service of the initial process and pleading on any defendant in this matter.  Rule 1.070(j) of the Florida Rules of Civil Procedure provides that service of the initial process and pleading must be made within 120 days of filing, and that unless good cause is shown why such service has not been effected, the action should be dismissed without prejudice.[3]  *See also Kleinschmidt v. United States Fidelity & Guaranty Ins. Co.*, 599 So. 2d 208, 209 (Fla. 3d DCA 1992) (affirming dismissal of complaint where plaintiff failed to effect service for 22 months); *Morales v. Sperry Rand Corp.*, 601 So. 2d 538 (Fla. 1992) (where defendant did not attempt to obtain service for 110 days after filing complaint and gave no acceptable reason for delay, dismissal of action pursuant to Fla.R.Civ.P. 1.070(j) was not abuse of discretion).

The Plaintiff initiated this suit by filing his Complaint in the state court on January 30, 2015.  The Plaintiff, however, never executed service on any defendant in this case, and there has been no record activity since the Plaintiff filed his

---

[3] Concomitantly, Fed. R. Civ. P. 4(m) gives a plaintiff 90 days after the complaint is filed to effect service on a defendant.

Complaint nearly 29 months ago.  Indeed, Federal Defendants only learned about this matter when the Assistant United States Attorney who prosecuted the Plaintiff in the Southern District of Florida notified one of the named defendants about this action in May 2017, following the Plaintiff's criminal sentencing hearing on May 8, 2017.  Unless the Plaintiff shows good cause as to why such service has not been effected for nearly two and a half years, this action should be dismissed.

## CONCLUSION

Based on the foregoing, the Plaintiff's Complaint should be dismissed. Because the Plaintiff cannot overcome the FTCA's statutory exception to liability for claims arising out of libel, slander, or misrepresentation for either of his claims, the Federal Defendants respectfully request the Court to dismiss the Plaintiff's Complaint with prejudice.

Respectfully submitted,

W. STEPHEN MULDROW
Acting United States Attorney

By:   /s/ Tiffany L. Cummins
Tiffany L. Cummins
Assistant United States Attorney
Florida Bar No. 0053032
400 W. Washington Street, Ste. 3100
Orlando, Florida  32805
Telephone: (407) 648-7500
Facsimile:  (407) 648-7643
Email: Tiffany.Cummins@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on June 14, 2017, I electronically filed the foregoing FEDERAL DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE with the Clerk of the Court by using the CM/ECF system and also provided it to the United States Marshals Service via email for service upon the Plaintiff, DAVID W. SCHWARZ, who, upon information and belief, is presently in the custody of the United States Marshals Service in Monroe County, Florida (Register # 67765-018).

                                                 /s/ Tiffany L. Cummins
                                                 Assistant United States Attorney